BALBINA BALBAÑO DE CASO ET AL., Plaintiffs and Appellees, v. MUNICIPALITY OF VEGA BAJA, Defendant and Appellant.

No. 4577. Argued June 24, 1929.—Decided January 22, 1930.

*L. Muñoz Morales*, for appellant. *R. Rivera Zayas*, for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The plaintiffs sued the Municipality of Vega Baja for work done on a sewer. The defendant admitted the greater part of the claim but disputed two items amounting respectively to $891.66 and $224.86. The District Court of San Juan rendered judgment for the plaintiffs for both amounts.

In resisting the claim for $891.66 the theory of the municipality was that this was a charge for drainage that was a necessary incident of the contract between the parties and so contemplated by them. The record shows, however, that the contractor under whom appellees claim was called upon to do extra work by reason of an unforeseen emergency, caused by certain requirements of the Health Department.

Similarly to the case of *Caso* v. *Municipality of Vega Baja, ante,* p. 446, the municipality says that before doing work the municipality should have been consulted. In this case we think the municipality had a certain amount of intervention, but whether it did or not, the direct consent was unnecessary inasmuch as the extra work was covered by the following provision of the contract between the parties:

"Whenever it may become necessary during the course of the work to make any drainage that according to stipulations is not for the account of the contractor, he shall be obliged to perform the same, supplying the necessary work and expenses, which will be reimbursed to him aside from the contract."

Even if this clause was not sufficient the matter was included under the following provisions forming part of the contract:

"For all work in excess of 20% due to modifications or alterations of the project, the Bureau of Public Works reserves the right of making a written agreement with the contractor for such additional work at conventional prices or to carry out such work by administration or in any other manner it may deem more convenient."

Under this clause no further consent was imperative assuming, as the record does, that the work was necessary. No

real complaint is made of the prices charged and the architect of the Department of Interior authorized them.

With respect to the sum of $224.86. Changes in plans left pipes in the hands of the contractor which were useless to him and to the municipality. Under the authorization of the Department of Interior these materials were sold to another contractor at a net loss of $224.86. We shall not enter into a consideration of whose property these materials became. Suffice it to say that the contractor obtained authority for the sale from the supervising architect. The price obtained was the best available, and as the contractor otherwise and probably the municipality would have suffered a loss, the municipality in equity and good conscience was bound to recompense him.

The judgment should be affirmed.